UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO JOSE TORRES,<br><br>                         Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>                         Respondent. | Case No.:  25cv1048-LL-LR<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 6], AND**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

Eduardo Jose Torres ("Petitioner"), a state prisoner proceeding pro se, is proceeding with a federal habeas action pursuant to 28 U.S.C. § 2254. On May 22, 2025, the Court dismissed the original petition without prejudice because Petitioner had failed to satisfy the filing fee requirement, failed to state a cognizable claim for habeas relief and failed to allege exhaustion of state judicial remedies. *See* ECF No. 3. After an extension of time, the Court gave Petitioner until August 4, 2025 to have his case reopened by (1) either paying the filing fee or providing adequate proof of his inability to pay and (2) filing an Amended Petition which cures the deficiencies outlined in the Order. ECF No. 5 at 5.

Petitioner has now filed a Motion to Proceed In Forma Pauperis ("IFP") and an Amended Petition. ECF Nos. 6, 7. For the reasons discussed below, the IFP motion is denied and the petition is dismissed without prejudice.

1

## IFP MOTION

Petitioner's request to proceed IFP is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a <u>signed</u> certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rules Governing § 2254, Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Here, Petitioner has not submitted a copy of his trust account statement and, while Petitioner has included a Prison Certificate, it is unsigned. *See* ECF No. 6 at 4. Thus, he has failed to provide the Court with the required support for his request. Accordingly, the IFP motion is **DENIED**.

## FAILURE TO ADEQUATELY SPECIFY GROUNDS FOR RELIEF

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rules Governing § 2254, Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). While courts should liberally interpret pro se pleadings, a federal court may not entertain a petition that contains only allegations which are conclusory. *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

Here, Petitioner has violated Rule 2(c). While he states three generalized grounds for relief—"ineffective assistance of counsel," "innocence," and "cannabis induced psychosis"—Petitioner fails to provide any specific factual allegations in support of these

grounds. *See* ECF No. 7 at 7–9. Petitioner's conclusory claims without any specific facts in support of relief prevents Respondent from being able to assert appropriate objections and defenses. Thus, the Amended Petition must be dismissed. Rules Governing § 2254, Rule 2(c), 28 U.S.C. foll. § 2254.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, the Amended Petition is also subject to dismissal for failure to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere in the Amended Petition does Petitioner allege he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. *See* ECF No. 7 at 6–9. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*,

/ / /

/ / /

134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).[1]

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rules

---

[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Governing § 2254, Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For the above reasons, Petitioner's Motion to Proceed IFP (ECF No. 6) is **DENIED** and the First Amended Petition is **DISMISSED** without prejudice. To have his case reopened, Petitioner must both (1) satisfy the filing fee requirement by submitting a properly supported IFP Motion or paying the $5.00 filing fee <u>AND</u> (2) file a Second Amended Petition which cures the deficiencies outlined in this Order **<u>no later than August 4, 2025</u>**.

**IT IS SO ORDERED.**

Dated:  June 6, 2025

_____
Honorable Linda Lopez
United States District Judge