UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO JOSE TORRES,<br><br>                        Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>                        Respondent. | Case No.: 25cv1048-LL-LR<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 9]** |

      Pending before the Court is a Motion for Appointment of Counsel by Eduardo Jose Torres ("Petitioner"), a state prisoner proceeding pro se. ECF No. 9. On June 6, 2025, this Court dismissed Petitioner's amended petition without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to state a cognizable claim for habeas relief and failed to allege exhaustion of state judicial remedies. ECF No. 8. The Court informed Petitioner that to have his case reopened he must (1) satisfy the filing fee requirement by submitting a properly supported In Forma Pauperis Motion or paying the $5.00 filing fee and (2) file a Second Amended Petition which cures the deficiencies outlined in this Order no later than August 4, 2025. *Id*. at 5. Petitioner failed to do either, and instead filed the instant Motion for Appointment of Counsel. ECF No. 9.

      There is no constitutional right to counsel in a civil case, and appointment of counsel

under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Court finds that Petitioner is capable of legibly articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex. Also, Petitioner failed to meet the Court-ordered deadline of August 4, 2025 to submit a properly supported In Forma Pauperis Motion and show that he is likely to succeed on the merits of his claims. ECF No. 8. For these reasons, the Court **DENIES** Petitioner's Motion for Appointment of Counsel.

Although this case is already closed, the Court will allow Petitioner one final opportunity to file a Second Amended Petition, which cures the deficiencies outlined in the Court's June 6, 2025 order. Petitioner is also required to submit a properly supported In Forma Pauperis Motion or pay the $5.00 filing fee. Petitioner must do both of these things on or before **January 26, 2026**. If Petitioner fails to do both of these things by the deadline, this case will remain closed.

**IT IS SO ORDERED.**

Dated:  December 2, 2025

Honorable Linda Lopez
United States District Judge